1  Gary L. Eastman, Esq. (CSB #182518)
2  Tifanie H. Nelson (CSB #286935)
   EASTMAN & MCCARTNEY LLP
3  401 West A Street, Suite 1785
   San Diego, CA 92101
4  Telephone:  (619) 230-1144
   Facsimile:  (619) 230-1194
5  E-mail:     gary@eastmanmccartney.com

6  Attorneys for Plaintiff
   SAFARI CRUNCH, LLC

7

8            UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFARI CRUNCH, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MOM BRANDS COMPANY, a Minnesota corporation,<br><br>Defendant,<br><br>and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: **'15CV0898 LAB RBB**<br><br>**COMPLAINT FOR:**<br>**(1) DECLARATORY RELIEF RE: NON-INFRINGEMENT OF TRADEMARK;**<br>**(2) CANCELLATION OF TRADEMARK;**<br>**(3) TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>**(4) TRADEMARK INFRINGEMENT IN VIOLATION OF CALIFORNIA COMMON LAW;**<br>**(5) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA COMMON LAW;**<br>**(6) UNFAIR, UNLAWFUL, AND DECEPTIVE BUSINESS PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200; AND**<br>**(7) UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

1                                    COMPLAINT

Plaintiff Safari Crunch, LLC ("Plaintiff") by and through undersigned counsel, for its Complaint against MOM Brands Company ("Defendant"), states as follows:

## PARTIES

1. Plaintiff is a California limited liability company formed in accordance with the laws of the State of California, having a principal place of business at 1539 Santa Sierra Drive, Chula Vista, California 91913.

2. Upon information and belief, Defendant MOMS Brands Company is a corporation formed in accordance with the laws of the State of Minnesota, having a principal place of business at 20802 Kensington Boulevard, Lakeville, Minnesota 55044.

## JURISDICTION

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act, 15 U.S.C. § 1125 and under 15 U.S.C. § 1119.

4. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Upon information and belief, Defendant is subject to personal jurisdiction in California because the claims alleged herein arise from Defendant's acts in the State of California and such acts by Defendant have damaged Plaintiff in the State of California.

## VENUE

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the wrongful conduct complained of herein occurred within this judicial district in that Defendant purposefully engaged in and directed activities at this forum, including infringing Plaintiff's trademark rights in the Southern District of California, and in sending cease and desist letters alleging that Plaintiff infringes

Defendant's trademark in the Southern District of California.

## BACKGROUND

### Plaintiff and Its Valuable Pre-Existing Trademark Rights

7. Plaintiff is a small company that advertises, produces, offers to sell, and sells high quality, crunchy and delicious granola to specialty food retailers, snack food purveyors, food service/ hotels, and individual consumers throughout the country.

8. As a lifelong granola fan, Plaintiff's owner, Curtis Moore, became inspired while eating locally made granola during a family safari trip in South Africa. Upon returning home to California, Mr. Moore began studying and experimenting with granola recipes. The goal was simple—create a great tasting granola with lots of crunch, amazing flavor, and delicious wholesome ingredients. Blended with oats, nuts, seeds, and dried fruit with a glaze made of unique avant-garde syrups, a wonderful fresh new granola style was born (referred to hereinafter as the "SAFARI CRUNCH granola").

9. In late 2010, Plaintiff registered with the California Secretary of State and obtained the domain name www.safaricrunch.com. Attached hereto as **Exhibit 1** is a true and correct computer printout from the website of the California Secretary of State showing the entity detail for Plaintiff. **Exhibit 2** is a true and correct computer printout from the website of GoDaddy showing the current WHOIS record for the foregoing domain.

10. Since mid-2011, Plaintiff has continuously offered for sale and sold the SAFARI CRUNCH granola at the weekly farmer's markets in Southern California. In addition to the farmer's markets, since mid-2011, Plaintiff has continuously offered for sale and sold the SAFARI CRUNCH granola on its website, www.safaricrunch.com. At all times relevant herein, the "SAFARI CRUNCH" trademark has been prominently featured in Plaintiff's advertising, labels, packaging, and promotional materials. As an example, attached hereto as

**Exhibit 3** is a true and correct copy of the 2011 packaging for the SAFARI CRUNCH granola. Attached hereto as **Exhibit 4** is a true and correct copy of the current packaging for the SAFARI CRUNCH granola. Plaintiff has continuously used the trademark "SAFARI CRUNCH" and the domain name www.safaricrunch.com in connection with the advertising and offering for sale and selling the SAFARI CRUNCH granola since mid-2011.

11. The SAFARI CRUNCH granola was an immediate hit at the local farmer's markets and Plaintiff quickly developed a regular and loyal customer base. The unique flavor and texture and natural ingredients of the SAFARI CRUNCH granola attracted both local and out-of-state consumers alike. Since 2011, Plaintiff has continuously advertised, produced, offered to sell, and sold the SAFARI CRUNCH granola to consumers throughout the United States. As an example, attached hereto as **Exhibit 5** is a true and correct copy of payment records (redacted only to protect privacy interests of customers) showing Plaintiff's interstate sales of the SAFARI CRUNCH granola as early as October of 2011.

12. As demand for Plaintiff's SAFARI CRUNCH granola grew, Plaintiff began selling the product at various local and nationwide retail stores and vendors. Since August of 2012, the SAFARI CRUNCH granola has been offered for sale and sold at local and nationwide specialty food retailers, such as Seaside Market, Major Market, and Krisp Beverages and Natural Foods. Since September of 2012, the SAFARI CRUNCH granola has been offered for sale and sold in small snack bags at numerous venues throughout the country, such as amusement parks, universities, health clubs, hiking stores, and wineries. Since January of 2013, the SAFARI CRUNCH granola has been offered for sale and sold at various hotels and restaurants throughout the county, such as Hotel Vyvant.

13. Since 2011, Plaintiff has spent significant time, money, and labor developing the "SAFARI CRUNCH" brand. For each year between 2010 and the

present, Plaintiff has spent an estimated range between $ 65,000 and $75,000 on overall advertising, marketing, packaging, and related branding expenditures.

14. Plaintiff has received wide spread press recognizing the high-quality granola products Plaintiff offers and sells under and in connection with the "SAFARI CRUNCH" trademark. Attached hereto as **Exhibit 6** is a true and correct computer printout of a 2012 online article in the San Diego Union Tribune highlighting Plaintiff's success in the marketplace. Attached hereto as **Exhibit 7** is a true and correct computer printout of a 2014 posting or blog entry from the website www.sistersdofoodandfitness.com touting the delicious taste and health benefits of Plaintiff's SAFARI CRUNCH granola. Because of Plaintiff's long use and extensive advertising and promotion of the "SAFARI CRUNCH" trademark, it has come to be and is now recognized and relied upon by the trade and public as identifying the goods of Plaintiff and distinguishing them from others.

15. The "SAFARI CRUNCH" trademark as used in connection with granola is distinctive and represents a valuable goodwill and reputation belonging exclusively to Plaintiff.

### Defendant's Wrongful Conduct

16. On April 22, 2013, Defendant applied to register the word mark "SAFARI COCOA CRUNCH" with the United States Patent and Trademark Office ("USPTO") in international class 30 for "breakfast cereal." The mark registered on July 15, 2014, registration number 4,569,462 (sometimes referred to herein as "Defendant's Registered Mark"). Per the certificate of registration, Defendant first used the mark SAFARI COCOA CRUNCH in commerce in January of 2014—nearly three years after Plaintiff's first commercial use of the trademark SAFARI CRUNCH. Attached hereto as **Exhibit 8** is a true and correct computer printout of the certificate of registration for "SAFARI COCOA CRUNCH" from the website of the USPTO.

17. Upon information and belief, Defendant's "SAFARI COCOA CRUNCH" breakfast cereal is offered for sale and sold at nationwide retailers such as, Ralphs Grocery and Albertsons Store. Ralphs Grocery and Albertsons Store have a strong presence in San Diego County. Attached hereto as **Exhibit 9** is a true and correct computer printout from the website of Ralphs Grocery showing Ralphs has 50 stores in San Diego. Attached hereto as **Exhibit 10** is a true and correct computer printout from the website of Albertsons Store showing Albertsons has 29 stores in San Diego.

18. Defendant's use of the "SAFARI COCOA CRUNCH" mark is likely to cause confusion as to whether the goods originate from or are somehow sponsored or endorsed by or affiliated with Plaintiff.

19. Defendant's mark "SAFARI COCOA CRUNCH" and Plaintiff's mark "SAFARI CRUNCH" are similar in appearance, sound, connotation, and commercial impression—each containing the wording "SAFARI CRUNCH." The shared wording "SAFARI CRUNCH" is the dominant feature of Defendant's registered mark.

20. Defendant is using the "SAFARI COCOA CRUNCH" mark in connection with goods that are closely and naturally related to the goods offered for sale and sold by Plaintiff in connection with the "SAFARI CRUNCH" mark. Plaintiff is using the "SAFARI CRUNCH" mark in connection with the advertisement and sale of granola. Defendant is using the "SAFARI COCOA CRUNCH" mark in connection with the advertisement and sale of breakfast cereal. Attached hereto as **Exhibit 11** is a true and correct definition from the American Heritage Dictionary and Collins American English Dictionary demonstrating that granola is a breakfast cereal. A consumer familiar with Plaintiff's mark used on Plaintiff's goods, upon encountering Defendant's mark used on Defendant's goods, is likely to mistakenly believe that the goods emanate from a common source.

21. On November 8, 2014, Plaintiff applied to register the word and design mark "SAFARI CRUNCH HUNT FOR FLAVOR" with the United States Patent and Trademark Office ("USPTO"), in international class 30 for "granola," serial number 86/448,836.

22. On March 3, 2015, Plaintiff received an office action from the USPTO, refusing to register the word and design mark "SAFARI CRUNCH HUNT FOR FLAVOR" due to the existence of Defendant's Registered Mark on the grounds of likelihood of confusion. Attached hereto as **Exhibit 12** is a true and correct copy of the office action registration refusal.

23. On March 30, 2015, counsel for Defendant sent a cease and desist letter to Plaintiff alleging that Plaintiff's word and design mark "SAFARI CRUNCH HUNT FOR FLAVOR" is confusingly similar to Defendant's Registered Mark and demanding that Plaintiff expressly abandon its trademark application and cease any and all use of the name or mark "SAFARI CRUNCH HUNT FOR FLAVOR" or any other similar name or mark. Defendant further objected to Plaintiff's name, alleging that continued use of the name "SAFARI CRUNCH" would create a likelihood of confusion between the parties' respective goods. Attached hereto as **Exhibit 13** is a true and correct copy of the cease and desist letter dated March 30, 2015.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

24. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

25. By virtue of the cease and desist letter sent by Defendant's counsel alleging that Plaintiff's use of "SAFARI CRUNCH" is confusingly similar to Defendant's Registered Mark and demanding that Plaintiff cease and desist any such use in connection with its granola products, together with the office action sent by the USPTO refusing to register the word and design mark "SAFARI

CRUNCH HUNT FOR FLAVOR" on the basis that Plaintiff's mark is confusingly similar to Defendant's Registered Mark, a substantial controversy exists between the parties to this action, who have adverse legal interests, of sufficient immediacy and reality to warrant the Court to declare whether Defendant can validly claim superior trademark rights to the term "SAFARI COCOA CRUNCH." Until the Court makes such a declaration, Plaintiff will be in doubt as to its rights.

26. Plaintiff, having a reasonable apprehension of being sued for trademark infringement created by the cease and desist letter sent by Defendant's counsel, brings this action for declaratory relief.

27. As the senior user due to prior and continuous use of the mark "SAFARI CRUNCH" in connection with granola, Plaintiff does not infringe Defendant's Registered Mark.

## SECOND CAUSE OF ACTION
### (Cancellation of Trademark)

28. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

29. Plaintiff has priority in its "SAFARI CRUNCH" mark based upon its longstanding common law rights. Since well before the filing date of the application for Defendant's Registered Mark, Plaintiff has used, advertised, and sold in commerce granola under the "SAFARI CRUNCH" name and trademark.

30. Defendant's Registered Mark covers goods that are closely related to the goods long offered and sold by Plaintiff under the "SAFARI CRUNCH" name and trademark.

31. The "SAFARI CRUNCH" portion of Defendant's Registered Mark, which portion is the dominant element, is identical in sound, pronunciation, and appearance to Plaintiff's "SAFARI CRUNCH" name and trademark, and confusingly similar to Plaintiff's "SAFARI CRUNCH" name and trademark.

32. In view of the similarity of the parties' marks and the closely related nature of the parties' goods, Defendant's Registered Mark so resembles Plaintiff's previously used "SAFARI CRUNCH" name and trademark as to likely cause confusion, cause mistake, or deceive consumers as to the source of the goods of Plaintiff and Defendant. Defendant's ongoing use of the mark "SAFARI COCOA CRUNCH" constitutes an ongoing threat to the public.

33. Further, Defendant's ongoing, unauthorized use of the mark "SAFARI COCOA CRUNCH" damages Plaintiff. Defendant's ongoing use of the mark "SAFARI COCOA CRUNCH" deprives Plaintiff of the ability to control the quality of the goods marketed under the mark, and instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendant, over whom Plaintiff has no control. As a direct and proximate result of Defendant's ongoing, unauthorized use of the mark "SAFARI COCOA CRUNCH," Plaintiff has suffered and will continue to suffer irreparable injury to its business reputation and financial damages such as lost profits.

34. Plaintiff, having a senior interest in the mark "SAFARI CRUNCH" over a junior user due to its widespread and continuous use, and being damaged because of the registration of "SAFARI COCOA CRUNCH," brings this action to cancel Defendant's trademark registration for "SAFARI COCOA CRUNCH."

## THIRD CAUSE OF ACTION

**(Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. §1125(a))**

35. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

36. Upon information and belief, Defendant chose the mark "SAFARI COCOA CRUNCH," and took other actions alleged herein, to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or

1  approval of its goods, deliberately to pass off its goods as those of Plaintiff, and/or
2  to falsely imply an association with Plaintiff.

3      37. Defendant's conduct alleged herein constitutes, among other things,
4  false designation of origin, which is likely to cause confusion or mistake, or to
5  deceive the public as to the origin, sponsorship, association or approval of the
6  goods of Plaintiff.

7      38. Defendant's conduct alleged herein constitutes, among other things,
8  trademark infringement in violation of Section 1125(a) of the Lanham Act, 15
9  U.S.C. § 1125(a).

10     39. Unless enjoined, Defendant will continue its infringing conduct.

11     40. As a direct and proximate cause of Defendant's infringing conduct,
12 Plaintiff will suffer irreparable injury to its business reputation and goodwill for
13 which no adequate remedy exists at law.

14     41. Defendant's complained-of-conduct is knowing, willful, and
15 deliberate, entitling Plaintiff to an accounting of Defendant's profits, increased
16 damages, and an award of attorneys' fees and costs incurred in prosecuting this
17 action under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

**(Trademark Infringement in Violation of California Common Law)**

20     42. Plaintiff restates and incorporates by reference, as if fully set forth
21 herein, the allegations contained in the preceding paragraphs.

22     43. Defendant's continued, unauthorized use of the "SAFARI COCOA
23 CRUNCH" trademark in interstate commerce in connection with the advertising,
24 offering, and rendering of breakfast cereals is likely to cause confusion, mistake,
25 and/or deception as to the affiliation, connection, or association of Defendant and
26 Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's goods by
27 Plaintiff.  Defendant's conduct has caused, and will continue to cause, irreparable
28 harm to Plaintiff.

## FIFTH CAUSE OF ACTION

### (Unfair Competition in Violation of California Common Law)

44. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

45. Defendant's complained-of-conduct constitutes unfair competition under California's common law. Defendant's conduct has resulted in the "passing off" of its goods as the goods of Plaintiff, or as somehow related or associated with, or sponsored or endorsed by, Plaintiff.

46. By reason of Defendant's complained-of-conduct, Plaintiff has suffered and is suffering actual, permanent, and irreparable injury, the extent of which is presently not known, and Plaintiff will continue to suffer damage and irreparable injury unless and until Defendant is enjoined permanently from the use of the "SAFARI COCOA CRUNCH" mark.

47. As alleged herein, Defendant's continued, unauthorized use of the "SAFARI COCOA CRUNCH" mark is willful, with knowledge of the likelihood of confusion between it and Plaintiff's previously used "SAFARI CRUNCH" mark. Therefore, Plaintiff is entitled to recover punitive damages under Section 3294 of California's Civil Code.

## SIXTH CAUSE OF ACTION

### (Unfair, Unlawful, and Deceptive Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.)

48. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

49. Defendant's business practices alleged herein are unfair and offend public policy as they are unlawful, unfair, unscrupulous, and substantially injurious to Plaintiff and consumers.

50. Defendant's conduct alleged herein constitutes, among other things, unfair competition and unfair business practices in violation of Section 17200 *et*

*seq.* of California's Business and Professions code, prohibiting unfair, unlawful and deceptive business acts.

51. Plaintiff is entitled to enjoin these practices under California's Business and Professions Code § 17203.

52. Without injunctive relief, Plaintiff has no means by which to control Defendant's deceptive and confusing use and advertising of its mark. Plaintiff is entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition, and appropriate restitution remedies, under Section 17203 of California's Business and Professions Code.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

53. Plaintiff restates and incorporates by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs.

54. Defendant has received the benefits of Plaintiff's "SAFARI CRUNCH" mark without compensating Plaintiff for such benefits.

55. Defendant has received such benefits unfairly.

56. By reason of the foregoing, Defendant was unjustly enriched, and continues to be enriched unjustly, in an unknown amount, and Plaintiff is entitled to restitution.

## PRAYER FOR RELIEF

**WHEREFORE**, in consideration of the foregoing, Plaintiff respectfully requests that the Court enter an Order granting the following relief:

a) For a declaratory judgment that Plaintiff's use of the name and mark "SAFARI CRUNCH" and word and design mark "SAFARI CRUNCH HUNT FOR FLAVOR" is lawful and does not infringe any rights of Defendant.

b) To exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel Defendant's trademark

registration for "SAFARI COCOA CRUNCH," United States Trademark Registration Number 4,569,462;

    c)    For judgment that Plaintiff's "SAFARI CRUNCH" mark has been and will continue to be infringed by Defendant's use of the "SAFARI COCOA CRUNCH" mark in violation of 15 U.S.C. §§ 1114(1) and 1125(a);

    d)    For judgment that Defendant has competed unfairly with Plaintiff in violation of 15 U.S.C. § 1125(a);

    e)    For judgment that Defendant's acts alleged herein offend public policy and are unlawful, unfair, unscrupulous and substantially injurious to Plaintiff and its customers in violation of California's Business and Professions Code §§ 17200 *et seq.*;

    f)    For judgment that Defendant has competed unfairly with Plaintiff in violation of California's common law;

    g)    Permanently enjoining Defendant from using the "SAFARI COCOA CRUNCH" mark, or any other word, phrase, symbol, logo, or combination of words, phrases, symbols, or logos that would create a likelihood of confusion, mistake, and/or deception with the "SAFARI CRUNCH" mark, in connection with breakfast cereals, including granola;

    h)    Permanently enjoining Defendant from otherwise infringing the "SAFARI COCOA CRUNCH" mark and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from the misappropriation of the rights of Plaintiff in the "SAFARI CRUNCH" mark;

    i)    Order Defendant to recall all material containing the "SAFARI COCOA CRUNCH" mark, or any other word, phrase, symbol, logo, or combination of words, phrases, symbols, or logos that would create a likelihood of confusion, mistake, and/or deception with the "SAFARI CRUNCH" mark, in connection with breakfast cereals, including granola;

1   j)   Ordering Defendant to destroy, at its sole and exclusive cost, all
2   materials in their possession or under their control that bear the "SAFARI
3   COCOA CRUNCH" mark or any other word, phrase, symbol, logo, or
4   combination of words, phrases, symbols, or logos that would create a likelihood of
5   confusion, mistake, and/or deception with the "SAFARI CRUNCH" mark, in
6   connection with breakfast cereals, including granola;

7   k)   For all actual damages sustained by Plaintiff as the result of
8   Defendant's acts of infringement, together with prejudgment interest, according to
9   proof, under 15 U.S.C. § 1117;

10   l)   For an accounting of Defendant's profits resulting from its acts of
11   infringement under 15 U.S.C. § 1117;

12   m)   Such damages and profits to be trebled and awarded to Plaintiff under
13   15 U.S.C. § 1117 on the grounds that Defendant's continued acts of infringement
14   have been willful, deliberate, and in bad faith;

15   n)   For an award of attorneys' fees under 15 U.S.C. § 1117 or as
16   otherwise permitted by law;

17   o)   For Plaintiff's costs of suit, including its reasonable litigation
18   expenses, under 15 U.S.C. § 1117;

19   p)   For Defendant to be ordered to pay Plaintiff's damages for common
20   law trademark infringement, unjust enrichment, and unfair competition under
21   California's common law;

22   q)   For Defendant to be ordered to pay Plaintiff's damages for unfair,
23   unlawful, and deceptive business practices in violation of California's Business
24   and Professions Code §§ 17200 *et seq.*;

25   r)   For an Order directing Defendant to file with the Court and serve on
26   Plaintiff within thirty (30) days after service of such injunction, a written report
27   under 15 U.S.C. § 1116 setting forth in detail the manner and form in which
28   Defendant has complied with the injunction; and

      s)    Granting Plaintiff such additional, other, or further relief as the Court deems just and proper.

Dated: April 22, 2015            EASTMAN & MCCARTNEY LLP

                                      By: /s/ Gary L. Eastman
                                           Gary L. Eastman

                                      Attorneys for Plaintiff
                                      SAFARI CRUNCH, LLC

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all matters triable before a jury.


Dated:  April 22, 2015              EASTMAN & MCCARTNEY LLP

                                    By: /s/ Gary L. Eastman
                                        Gary L. Eastman

                                    Attorneys for Plaintiff
                                    SAFARI CRUNCH, LLC